**Nancy CANO, Plaintiff, Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant, Appellee.**

**No. 84–1384.**

United States Court of Appeals, First Circuit.

Submitted Nov. 9, 1984.

Decided March 1, 1985.

Nancy Cano, pro se.

Daniel F. Lopez Romo, U.S. Atty., Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., James A. Friedman, Acting Asst. Gen. Counsel, and Lori Joan Dym, Washington, D.C., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Nancy Cano, pro se, appeals from the district court's summary judgment for the defendant, her former employer. Cano's complaint alleges that the defendant, the United States Postal Service, when it terminated her employment, discriminated against her because she is not of Puerto Rican origin. The district court found that Cano's charge of discrimination had not been timely filed with the Equal Employment Opportunity Counselor, and it found no grounds for tolling the timely-filing requirement.

Title VII of the Civil Rights Act of 1964, as amended in 1972, provides protection for federal employees against employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e(b), 2000e–2, 2000e–3. *See Brown v. GSA*, 425 U.S. 820, 825, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1976). The time limit applicable to a federal employee filing a discrimination complaint against the employing agency is set forth in 29 C.F.R. § 1613.214(a)(1), which provides (in part):

> The agency may accept the complaint for processing in accordance with this subpart only if: (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date....

Cano was informed in a letter dated April 21, 1981, that she would be removed from the Postal Service effective April 28, 1981. Although she contested her removal on other grounds, she did not make known her charge of discrimination until she notified an Equal Employment Opportunity officer of the charge in a letter dated February 18, 1982, over nine and one-half months after her removal.

Cano does not argue here that her charge of discrimination was filed within the 30 day limit. Instead, she argues that the time limit should be tolled because she was ill during the time period at issue and because no notice of the Equal Employment Opportunity provisions had been posted.[1]

■■■ Assuming without deciding that this particular time period is subject to tolling, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982),[2] we note that the district court found that "she had an attorney at that time who was representing her in the administrative appeal of her removal." This finding is supported by the record.[3] Since Cano had consulted with an attorney about her employment difficulties just prior to the beginning of the limitations period and subsequently, she could be charged with constructive notice of the relevant Title VII provisions and the procedural requirements of filing an EEO complaint. *See, e.g., Meyer v. Riegel Products Corp.*, 720 F.2d 303, 308 (3rd Cir.1983) *cert. denied,* —— U.S. ——, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir. 1978); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 n. 8 (5th Cir.1975). *See also Earnhardt v. Commonwealth of Puerto Rico*, 691 F.2d 69, 73 (1st Cir.1982). The presence or absence of posted notice does not, standing alone, determine whether the limitations

1. Such posting is required by 29 C.F.R. § 1613.-204(f) and by 42 U.S.C. § 2000e–10.

2. The government argues that *Zipes* does not apply when the employer is a federal agency. *But see Kizas v. Webster,* 707 F.2d 524, 543, 545 (D.C.Cir.1983), *cert. denied sub nom. Kizas v. United States,* —— U.S. ——, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984).

3. The April 21, 1981, letter from the Regional Director states that Cano's attorney, Harvey Nachman, wrote to the agency on March 17 and April 11 of 1981. An attachment to Cano's Amended Complaint contains an "Appeal from Affirmance of Removal" signed by Nachman and dated February 16, 1982.

period should be tolled.[4] *See Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3rd Cir.1977) (failure to post notice tolls limitations period until complainant consults with an attorney or acquires actual knowledge), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Cano's illness during the limitations period would not affect her attorney's knowledge of the legal remedies appropriate to her situation. *See id.; Edwards v. Kaiser Aluminum & Chemical Sales, Inc., supra.*[5]

■ Since we hold that tolling is not justified in this instance, Cano's failure to file her charge of discrimination within the required time period bars relief in the district court. *See Kizas v. Webster*, 707 F.2d 524, 543 (D.C.Cir.1983) ("Relief under Title VII, in both private and public sector cases, is generally dependent upon the filing of a timely administrative charge"), *cert. denied sub nom. Kizas v. United States*, —— U.S. ——, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). *See also Brown v. GSA*, 425 U.S. at 832, 96 S.Ct. at 1967 ("Initially, the complainant must seek relief in the [federal] agency that has allegedly discriminated against him").[6]

The judgment of the district court is affirmed.

---

**4.** The district court apparently relied on a "certificate" by a Postal Service official indicating that the required posting had occurred. There may be some question, however, as to whether this "certificate" satisfies the requirements for affidavits set forth in Fed.R.Civ.P. 56(e). We do not decide whether it does as there is another, clear, ground for affirmance.

**5.** Cano does not allege that her employer or anyone else attempted to mislead her about the period of limitations or about the reasons for her dismissal. *Cf. Meyer v. Riegal Products Corp., supra* at 303–304 (where defendant misleads the plaintiff, tolling is appropriate even though the plaintiff has consulted with counsel).

**6.** We need not consider the government's argument that Cano failed to name the proper party as defendant.