# United States Court of Appeals
## For the First Circuit

No. 09-2305

ROLANDO ORTEGA CANDELARIA,

Plaintiff-Appellant,

v.

ORTHOBIOLOGICS LLC, et al.,

Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Lipez, Leval,[*] and Thompson,
Circuit Judges.

Pedro J. Landrau-López for appellant.
Lourdes C. Hernández-Venegas, with whom Schuster Aquiló LLP
was on brief, for appellees.

October 25, 2011

---

[*] Of the Second Circuit, sitting by designation.

**THOMPSON**, **Circuit Judge**.  Rolando Ortega Candelaria suffered a disability while employed by Orthobiologics, LLC, a Puerto Rico-based subsidiary of Johnson & Johnson, Inc.  He sought payment of benefits under the company's long term disability plan and was denied.  Three years later Ortega filed suit to enforce the benefit plan under the Employee Retirement Income Security Act of 1974 (ERISA).  The district court found the suit untimely and granted summary judgment in Orthobiologics's favor.  Applying principles of equity, we reverse and remand.

## BACKGROUND

The facts in this case are not materially in dispute, and we outline them only briefly.  Ortega was an employee of Orthobiologics and a participant in the Long Term Disability Income Plan for Employees of Johnson and Johnson and Affiliated Companies in Puerto Rico (the Plan).  In 2000, Ortega acknowledged receipt of a copy of the then-current Plan.  At that time, the Plan did not contain any limitations period for filing suit to contest a claim denial; however, it expressly reserved Orthobiologics's right to make unilateral alterations to the Plan at any time.

In 2003, Ortega initiated a series of attempts to recover disability benefits under the Plan.  He had been effectively disabled since 2002 by severe pain resulting from vertebral herniations and osteoarthritis, among other ailments.  On June 1, 2004, while Ortega was in the midst of the internal appellate

-2-

process, he requested a current copy of the Plan, which he received three weeks later. At that point, the Plan still contained no limit on the period for filing suit to contest a claim denial. Only one week later, on July 1, 2004, the Plan was amended to establish a limitations period of one year. Ortega received no notice of this change. On January 26, 2005, Orthobiologics issued a final written rejection of Ortega's claims. The rejection contained no information about Ortega's judicial options or the reduced limitations period.

On December 14, 2008, Ortega filed this action claiming a breach of fiduciary duty[1] and a right to benefits[2] under ERISA. Orthobiologics filed a motion to dismiss the complaint as untimely. The district court converted the motion to dismiss into a motion for summary judgment in order to consider copies of the Plan, which were outside the pleadings. It then granted summary judgment in favor of Orthobiologics. The court found that Ortega's breach of fiduciary duty claim was untimely under ERISA's statute of

---

[1] See 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this sub-chapter shall be personally liable.").

[2] See 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan.").

limitations for fiduciary claims[3] and his claim for benefits was untimely under the one-year limitations period contractually set by the amended Plan.[4]

Ortega timely appealed, taking issue only with the district court's dismissal of his claim for benefits.[5] Ortega claims on appeal that it is inequitable to bind him to the one-year limitations period because Orthobiologics did not advise him of the shortened period or of his right to sue as it was legally required to do.

**STANDARD OF REVIEW**

We review a district court's grant of summary judgement

---

[3] See 29 U.S.C. § 1113(2) (providing for a three-year statute of limitations for fiduciary claims).

[4] In its decision, the district court considered Ortega's argument that equitable estoppel should apply to relieve him of the one-year limitations period. In its discussion, the court cited to a Puerto Rico civil law doctrine called caducity, which precludes judicial tolling. See Ortega-Candelaria v. Johnson & Johnson, No. 08-2382, 2009 WL 1812423, at *3 (D.P.R. June 25, 2009) (citing Prime Retail, L.P. v. Caribbean Airport Facilities, Inc., 975 F. Supp. 148, 153 (D.P.R. 1997) (stating that under caducity, all obligations are extinguished once a contractual or statutory limitations period has expired)). Nonetheless, the court went on to decide the merits of Ortega's equitable estoppel argument, finding that it failed because there was no material misrepresentation on Orthobiologics's part. The court, though it had cited to caducity, never explicitly stated whether it was a basis for its decision. We need not resolve this uncertainty. Neither party has invoked, or even discussed, caducity and therefore we need not decide whether it is applicable to the instant action.

[5] As Ortega has not disputed the dismissal of his fiduciary duty claim on appeal, we neither review nor disturb the district court's disposition of this claim.

de novo.  See F.T.C. v. Direct Mkt'g Concepts, Inc., 624 F.3d 1, 7 (1st Cir. 2010).  However, we review a district court's decision to award or withhold equitable relief for an abuse of discretion.  See Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010); Mr. I ex rel. L.I. v. Me. Sch. Admin. Dist. No. 55, 480 F.3d 1, 23 (1st Cir. 2007).

## ANALYSIS

Ortega's argument on appeal is one of equitable estoppel - Orthobiologics's failure to provide the requisite notices should estop it from relying on the one-year limitations period.  Ortega does not explicitly make an equitable tolling argument, though he cites to at least one case involving tolling.

Although estoppel and tolling are distinct, they are "closely related."  Ramírez-Carlo v. United States, 496 F.3d 41, 48 (1st Cir. 2007).  We have therefore declined to foreclose the application of these doctrines based on a plaintiff's failure to adhere to a rigid distinction between them.  See id.  The Supreme Court has done the same, see Honda v. Clark, 386 U.S. 484, 494-95 (1967), and other courts have frequently applied tests that appear to be hybrids of the two doctrines, see Socop-González v. INS, 272 F.3d 1176, 1185-86 (9th Cir. 2001) (en banc) (explaining and collecting cases).  Indeed, rigidity frustrates the very purposes underlying these doctrines, which include, after all, the circumvention of unbending rules when strict fidelity to them would work an injustice.  See Holland v. Florida, 130 S. Ct. 2549, 2563

-5-

(2010). Recognizing the drawbacks of an inflexible approach to equitable adjudication, we will analyze Ortega's claim under both estoppel and tolling theories.

## A. Equitable Estoppel

Equitable estoppel "applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit." Ramírez-Carlo, 496 F.3d at 48. In order to demonstrate entitlement to equitable estoppel, a plaintiff must show evidence of the defendant's "'improper purpose or his constructive knowledge of the deceptive nature of his conduct' . . . in the form of some 'definite, unequivocal behavior . . . fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security.'" Vera, 622 F.3d at 30.

The problem with Ortega's equitable estoppel argument, as found by the district court, is that there is simply no evidence of unequivocal, intentionally deceptive conduct on the part of Orthobiologics. To be sure, Orthobiologics's amendment of the Plan mere weeks after Ortega requested a copy is troublesome. This is particularly so when coupled with the fact that Orthobiologics did not inform Ortega of the change, or of his right to sue when it rejected his claim (discussed more fully below). Nonetheless, we cannot say that such behavior constituted "active steps" to sabotage Ortega's suit. Singletary v. Cont'l Ill. Nat'l Bank and

-6-

Trust Co. of Chicago, 9 F.3d 1236, 1241 (7th Cir. 1993).  Indeed, the lack of notice could just as easily have been an honest oversight, and Ortega makes no creditable allegation to the contrary.[6]  Therefore, the district court did not abuse its discretion in declining to apply equitable estoppel.

## B. Equitable Tolling

We now turn to equitable tolling.  Our review is de novo as equitable tolling was not raised before, nor addressed by, the district court.  See F.T.C. 624 F.3d at 7.

Equitable tolling "casts a wider net" than equitable estoppel.  See Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988).  It is a "sparingly invoked doctrine" that is "used to excuse a party's failure to take an action in a timely manner, where such failure was caused by circumstances that are out of his hands."  Dawoud v. Holder, 561 F.3d 31, 36 (1st Cir. 2009).

The grounds for tolling limitations periods are more expansive in suits against private entities like Orthobiologics than against the government.  See Benítez-Pons v. Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998).  Equitable tolling suspends the running of the limitations period "if the plaintiff, in the exercise of reasonable diligence, could not have discovered

---

[6] Ortega does repeatedly conflate Orthobiologics's failure to provide him notice of his right to sue with a deliberate misrepresentation.  But he provides no evidence beyond his own say-so and therefore we ignore that implication.  See Vinick v. C.I.R., 110 F.3d 168, 171 (1st Cir. 1997).

information essential to [his claim]." Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008). The tolling proponent must establish that extraordinary circumstances beyond his control prevented a timely filing or that he was materially misled into missing the deadline. See id. at 101; Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001); Fradella v. Petricca, 183 F.3d 17, 21 (1st Cir. 1999). We apply equitable tolling on a case-by-case basis, avoiding mechanical rules and favoring flexibility. See Holland, 130 S.Ct. at 2563.

In doing so here, we find that Ortega missed the critical one-year deadline because he was "materially misled" into doing so by Orthobiologics. Barreto-Barreto, 551 F.3d at 100. Let us be clear that we do not see any intentionally deceptive conduct on Orthobiologics's part; however, we do see misleading conduct. Orthobiologics was required by federal regulation to provide Ortega with notice of his right to bring suit under ERISA, and the time frame for doing so, when it denied his request for benefits. See 29 C.F.R. § 2560.503-1(g)(1)(iv) ("[T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination . . . [which] shall set forth . . . [a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the

claimant's right to bring a civil action under [ERISA].").[7] Despite this fact, and in direct violation of its regulatory duty, Orthobiologics did not include notice of either the right to sue or the one-year time frame in its written rejection of Ortega's claim.

Inadequate notice has been cited by the Supreme Court and this court as a ground for invoking equitable tolling. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Kale, 861 F.2d at 752 (finding that there may be a valid claim for equitable tolling when an employer breaches its legal obligation to provide notice crucial to an employee's timely filing of a suit); Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 47-48 (1st Cir. 2005) (listing examples of the "[m]any other courts" that view lack of notice as adequate justification for equitable tolling). We have also recognized the "implication . . . that it would be inequitable to apply [a] Plan's internal limitations period" to a beneficiary who had no notice of the existence of that period. I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 182 F.3d 51, 54 (1st Cir. 1999).

---

[7] One could arguably read this regulation as setting forth two distinct requirements. That is, it could be argued that notice of the right to sue under ERISA is in addition to, and divorced from, notice of review procedures and the time frame pertaining to such procedures. As such, there would be no regulatory requirement that Orthobiologics advise Ortega of the one-year statute of limitations in the benefit determination notification. Orthobiologics, however, has made no such argument. Nor would we find such an argument compelling. We think it clear that the term "including" indicates that an ERISA action is considered one of the "review procedures" and thus notice of the time limit must be provided.

In addition, the Second Circuit decided in a case similar to this that "tolling [is] appropriate where defendants fail to comply with the regulatory requirement that they provide notice to beneficiaries of the right to bring an action in court challenging a denial of benefits." Veltri v. Bldg. Serv. 32-B-J Pension Fund, 393 F.3d 318, 325 (2d Cir. 2004). The court held that the non-disclosure should be viewed "in light of the regulatory notice requirement and of Congress's policy of protecting the interests of [benefit] plan participants by ensuring 'disclosure and reporting to participants' and 'ready access to the Federal courts.'" Id. at 324 (quoting 29 U.S.C. § 1001(b)). It further noted that "congressional policy favors placing a burden of disclosure on [benefit] plans and adopting an approach of caution before closing the courthouse door." Id. This reasoning is persuasive. In appropriate circumstances, lack of notice can give rise to equitable tolling.

Nonetheless, Orthobiologics urges us to look past its failure to provide notice because it had previously advised Ortega of his right to sue in past summary Plan descriptions. This logic is flawed. The regulatory requirement is that Orthobiologics provide notice of Ortega's right to sue in the benefit determination notification. That the information may have appeared elsewhere is irrelevant and does not cure the notice deficiency. Moreover, Orthobiologics's argument ignores the fact that the

-10-

regulation requires that it advise Ortega not only of his right to sue but also the time frame for doing so. It is uncontested that Orthobiologics never informed Ortega of the one-year limitation - in the benefit determination notification or elsewhere.

Without notice of the drastically reduced limitations period, Ortega was under the reasonable impression that he had fifteen years to file suit. Ortega's misimpression was not the result of any lack of diligence on his part.[8] "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 130 S. Ct. at 2565 (internal quotation marks and citations omitted). Ortega's actions fall squarely within the parameters of this rule. He requested a copy of the most current version of the Plan toward the end of his internal appeal and before he sought recourse in federal court. Ortega then filed suit well within the fifteen-year period that he believed applied.[9] Ortega's diligence was sufficient.

---

[8] Orthobiologics disagrees with us on this point. It argues that Ortega had adequate notice of the shortened limitations period because the Plan contained a catchall provision that allowed for indiscriminate, unilateral amendment. We need not tarry long on this argument or its unworkable ramifications. Taken to its extreme, it would require Ortega to request a new copy of the Plan every day in order to stay abreast of any potentially relevant changes. We decline to slide down such a slippery slope.

[9] Of course, the fact that Ortega filed suit within that period may not be dispositive. We do not foreclose the possibility that a longer delay would have been unreasonable in this context. Such a delay might well have been unduly prejudicial to Orthobiologics and thus fatal to Ortega's request for tolling. See Veltri, 393 F.3d at 326 (finding that defendants may rely upon "the

-11-

We conclude that Ortega, though reasonably diligent, was materially misled by Orthobiologics's actions, which prevented his timely filing of suit.  Ortega is entitled to equitable tolling.[10]

## CONCLUSION

For the reasons set forth above, the limitations period that applies to Ortega's action should have been tolled to permit

---

equitable defenses of laches and estoppel . . . to avoid unfair surprise from the filing of untimely claims by plaintiffs who seek to rely on equitable tolling on the basis of defective notice"). But Orthobiologics has made no such claim before us.  Accordingly, we do not undertake the balanced assessment of the hardships the resuscitation of this suit might impose.

[10] By determining that Ortega's claim is subject to tolling, we are in effect granting him partial summary judgment on the issue of whether he should be allowed to proceed, despite the fact that he is the non-moving party.  This is wholly proper.  Even in the absence of a cross-motion for summary judgment, we may nostra sponte grant partial summary judgment to the non-moving party provided that "both sides have had an opportunity to present evidence, the facts are uncontroverted, and the proper disposition is clear."  Garner v. Memphis Police Dep't, 8 F.3d 358, 366 (6th Cir. 1993); see also Weber v. Dell, 804 F.2d 796, 798 n.2 (2d Cir. 1986).  We do recognize, however, that the district court converted Orthobiologics's motion to dismiss to a motion for summary judgment without first providing the parties the opportunity to conduct discovery or present evidence.  In other circumstances, this would be adequate justification for our simply vacating the grant of summary judgment in favor of Orthobiologics and not taking the further step of granting summary judgment in Ortega's favor.  In this case, there is no need to be so restrained. Any documentation that Orthobiologics could rely on to defeat the application of equitable tolling would be in its possession (e.g. documents showing that it gave Ortega the notice he was entitled to). Orthobiologics has not referenced or attached any such documents in any of its briefs to the district court or this court, despite it referencing and attaching other relevant documents.  Thus, we can safely assume that there is no such evidence.  Orthobiologics has had a full opportunity to defend against Ortega's entitlement to equitable tolling and therefore our holding is proper.

-12-

its consideration on the merits.  We reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion.  **SO ORDERED.**