# United States Court of Appeals
## For the First Circuit

No. 11-1080

DONNA MARIE FARRIS,

Plaintiff, Appellant,

v.

ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella and Thompson, Circuit Judges,
and Saris,[*] District Judge.

Jeffrey Neil Young, with whom Benjamin K. Grant and Carol J. Garvan were on brief, for appellant.
Evan J. Roth, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

November 10, 2011

[*]Of the District of Massachusetts, sitting by designation.

**THOMPSON**, **Circuit Judge**.  Plaintiff Donna Marie Farris ("Farris") challenges the district court's order granting summary judgment for her former employer, the Department of Veterans Affairs ("VA").  Finding no valid reason to apply an equitable exception, the district court dismissed Farris's disability discrimination complaint due to her concession that she failed to timely file a formal complaint with the Equal Employment Opportunity Commission ("EEOC").  We find that the district court did not abuse its discretion by declining to toll the limitations period and therefore affirm.

## I.  Background

We recount the facts in the light most favorable to the nonmovant, Farris.  See Franceschi v. U.S. Dept. of Veterans Affairs, 514 F.3d 81, 83 (1st Cir. 2008).

Farris was hired by the VA as a Primary Care and Emergency Department Clinical Social Worker and POW Coordinator at its medical center in Togus, Maine on November 13, 2007.[1]  Within eight months, the VA formally recognized Farris for her excellent job performance -- once for an "Above and Beyond Attitude and Excellence in Customer Service" and once for providing extra assistance during a staffing shortage.

---

[1]Though the district court states that Farris began her employment in September 2008, both parties agree that Farris commenced her employment with the VA on or about November 13, 2007.

-2-

On September 22, 2008, Farris suffered a work-related injury to her neck and right shoulder that resulted in a one-month absence from work. During her absence, Farris was ordered by her supervisor, James Hammond ("Hammond"), and Togus Human Resources Manager, Terry Gagne ("Gagne"), to see Bonnie Ayotte ("Ayotte"), an occupational nurse for the VA. While examining Farris, Ayotte inquired about her medical history. In addition to a pre-existing back injury, Farris informed Ayotte that she suffered from myasthenia gravis -- a potentially life threatening autoimmune disorder -- and scleroderma -- a chronic connective tissue disease. Periodically, the latter two afflictions caused Farris to suffer from "difficulty eating, swallowing, chewing, gagging, choking, spitting up blood, and weight loss; numbness and burning in [her] feet and calves . . . tearing in [her] left eye . . . and blood in [her] stomach." Nonetheless, these symptoms did not prevent Farris from performing her job satisfactorily.

Less than a month after the injury, around October 6, 2008, Farris contacted Gagne about returning to work. During this conversation, Farris informed Gagne that she was feeling better, yet he began to inquire about Farris's myasthenia gravis. Before their conversation was over, Gagne had requested the results of a Magnetic Resonance Imaging test that had been performed on Farris's throat in relation to the disorder.

Approximately two weeks after their phone conversation, Gagne requested that Farris come to the VA to fill out paperwork related to a mileage reimbursement. Farris reported to work that day and, to her surprise, was directed to attend a meeting with Gagne and Jeff Saren ("Saren"), a private investigator, among others. At the meeting, Saren confronted Farris with a surveillance video showing Farris, who alleged she suffered a work-related neck and shoulder injury, lifting her son's hockey bag. Saren immediately accused Farris of committing fraud. At Hammond's urging and with her physician's permission, Farris returned to work on October 22, 2008 -- two days later.

On October 31, 2008, approximately one week after Farris returned to work, the VA placed her on administrative leave and notified her that her employment would terminate on November 12, 2008. According to the VA, the reason for the termination was that the "circumstances surrounding [Farris's] recent absence from work" caused the VA "to lose confidence in [her] ability to satisfactorily perform the duties of [her] position," because she had been "less than candid concerning [her] medical condition."

Soon thereafter, Farris filed an informal complaint of disability discrimination with the VA's Equal Employment Opportunity ("EEO") counselor. She also sought redress through

various other agencies.[2] Subsequently, Farris and the VA agreed to participate in mediation, but this effort proved unsuccessful. By a letter dated December 17, 2008, the VA's Office of Resolution Management ("ORM") notified Farris that it was unable to resolve her complaint and explicitly advised her that she had fifteen days from the letter's receipt to file a formal complaint with the EEOC.[3] Farris received the letter on December 18, 2008, making the fifteen-day deadline January 2, 2009. She immediately forwarded the letter to her attorney, Stephanie Mills ("Attorney Mills"), who

---

[2] These agencies include the Department of Veterans Affairs Office of Resolution Management ("ORM"), the Office of Special Counsel ("OSC"), the Office of Special Appeals ("OSA"), the Merit Systems Protection Board ("MSPB"), and the Office of Workers' Compensation Programs ("OWCP").

[3] The letter stated in relevant part:
- "If you decide to file a formal complaint, you have 15 calendar days from receipt of this notice in which to do so."
- **"If you decide to file a formal complaint, you must do so WITHIN FIFTEEN CALENDAR DAYS OF RECEIPT OF THIS NOTICE."**
- **"Please note that the <u>15-calendar day</u> time frame will not be extended due to your need to seek my assistance in completing this form."**
- "<u>WHEN TO FILE</u>: Your formal complaint must be filed within 15 calendar days of the date you received the '*Notice of Right to File a Discrimination Complaint*'(NRTF) from your EEO Counselor. If you do not meet this time limit, you must explain why you waited more than 15 calendar days to file. These time limits may be extended under certain circumstances; however, they will NOT be waived and your complaint will NOT be investigated unless you explain your untimeliness and the explanation is acceptable in accordance with EEOC, CFR § 1614(c)., [sic]. Use an additional sheet of paper, if necessary. If you have evidence which supports your explanation, please attach it to this complaint." (emphasis in original.)

received it on December 19, 2008. Farris also made a phone call to Attorney Mills and received an e-mail response assuring her that the complaint would be timely filed. Farris followed up with Attorney Mills on December 26, 2008 and according to Farris, was assured by a legal secretary that "Ms. Mills was aware of the need to timely file the formal complaint and was working on it."

Attorney Mills was well aware of the fifteen-day timeline; nevertheless, she failed to file Farris's formal EEOC complaint until January 13, 2009 -- eleven days late. Accompanying the complaint was a letter from Attorney Mills acknowledging the tardiness of the complaint and offering an explanation. She expressed her mistaken belief that she had in fact filed the formal complaint on January 2, 2009, stated that her office had been closed for the holidays for eight days during the fifteen-day filing period, and admitted that the complaint must have been "overlooked" in the midst of the "holiday rush."

On February 18, 2009, the EEOC advised Farris that it had denied the complaint as untimely. Attorney Mills received the denial letter on February 23, 2009 and appealed it the same day. On June 22, 2009, an EEO Regional Officer rejected the appeal. Farris sought reconsideration on July 20, 2009, but was again denied.

Thereafter, Farris filed a complaint in district court alleging disability discrimination. Her complaint alleged

violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq. The VA[4] moved to dismiss the complaint or, in the alternative, for summary judgment because Farris had failed to timely file her EEOC formal complaint. Farris opposed the motion, arguing that her belated filing should be equitably excused. The district court granted the VA's motion for summary judgment on January 11, 2011. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

As a general matter, we review an order granting summary judgment de novo. See Franceschi, 514 F.3d at 84. However, on appeal from summary judgment, as in other circumstances, we review the district court's ruling rejecting the application of equitable doctrines such as tolling for abuse of discretion, "always mindful of the 'highly deferential' nature of our oversight." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119-20 (1st Cir. 2009)(quoting Mr. I. v. Me. Sch. Admin. Dist. No. 55, 480 F.3d 1, 23 (1st Cir. 2007)) (reviewing the district court's refusal to equitably toll the statute of limitations in a Title VII case for

---

[4]The named defendant in this case is Eric K. Shinseki in his official capacity as Secretary for the Department of Veterans Affairs. Throughout the opinion, when referencing the defendant, we simply refer to the VA.

abuse of discretion); see also Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010).

B.    The Legal Principle of Exhaustion

The ADA prohibits discrimination against an otherwise qualified individual based on disability. 42 U.S.C. § 12112(a); Calero-Cerezo, v. U.S. Dept. of Justice, 355 F.3d 6, 19 (1st Cir. 2004). Claims of employment discrimination arising under the ADA are subject to the same remedies and procedures as those under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. § 12117(a)("ADA"). Under Title VII, a federal employee must exhaust her administrative remedies before initiating a complaint of discrimination in federal court. See 42 U.S.C. § 2000e-16(c). The same is true for claims under the ADA.[5] See Roman-Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996).

Because administrative exhaustion "is a condition to the waiver of sovereign immunity," it "must be strictly construed." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 94 (1990). Consequently, failure to comply with an agency's applicable time

_____

[5]Farris's complaint also alleges a violation of the Rehabilitation Act. While our precedent states that a claim brought under the Act does not require exhaustion, see Prescott v. Higgins, 538 F.3d 32, 44 (1st Cir. 2008), we need not discuss this issue as it was never raised before the district court, nor briefed or argued before us. Consequently, it is deemed waived on appeal. See In re Mecurio, 402 F.3d 62, 64 n.1 (1st Cir. 2005)("[T]his issue was not argued by the parties before either the bankruptcy or district courts, nor briefed or argued before us, and is thus deemed waived.").

limit may expose the plaintiff's federal law suit to dismissal, Cano v. United States Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985)(per curiam), subject to narrowly applied equitable doctrines such as tolling or estoppel. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Irwin, 498 U.S. at 93-96; Vera, 622 F.3d at 29-30. Only in "exceptional circumstances" will these equitable principles extend the statute of limitations. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71 (1st Cir. 2005)(citation and internal quotation marks omitted). Furthermore, the heavy burden to prove entitlement to equitable relief lies with the complainant. See Rivera-Gomez v. de Castro, 900 F.2d 1, 3 (1st Cir. 1990).

C. Equitable Tolling

Before delving too far, we note that both Farris and the VA make much to do, unnecessarily, over the distinction between the equitable doctrines of estoppel and tolling. Our review of the record makes clear that Farris's argument on appeal is one of tolling. Similarly, though the district court may have mistakenly referred to "estoppel" on a few occasions within its order, it is more than obvious that the court was analyzing Farris's claim based on principles of tolling. With this minor quibble addressed, we turn now to the law.

The Supreme Court has held that Title VII time limits are not jurisdictional and may be subject to equitable tolling just

like private suits. Irwin, 498 U.S. at 93-96. As the district court stated, "although the failure to comply with required time periods ordinarily shuts the courthouse door to the Title VII complainant, the would-be plaintiff can unlock it in exceptional circumstances, where the plaintiff can demonstrate [entitlement to] equitable tolling." Specifically, equitable tolling is appropriate when a plaintiff shows that "circumstances beyond his or her control precluded a timely filing." Abraham, 553 F.3d at 119. However, a plaintiff generally cannot avail herself of the doctrine if she is responsible for the procedural flaw that prompted dismissal of her claim; in other words, equitable tolling will not "rescue a plaintiff from his or her lack of diligence." Id.; see also Irwin, 498 U.S. at 96. Moreover, we interpret the doctrine of equitable tolling quite narrowly, particularly in suits against the government. See Benitez-Pons v Com. of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998).

In Baldwin County Welcome Center v. Brown, the Supreme Court set out four circumstances in which equitable tolling may grant a Title VII (and, by extension, an ADA) plaintiff relief: (1) the plaintiff "received inadequate notice" of the statute of limitations; (2) "a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon;" (3) "the court [has] led the plaintiff to believe that she has done everything required of her," or (4)

"affirmative misconduct on the part of a defendant lulled the plaintiff into inaction."  466 U.S. 147, 151 (1984); Rys v. U.S. Postal Serv., 886 F.2d 443, 446 (1st Cir. 1989).  In Irwin, the Supreme Court stated that situations where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period," may also warrant tolling. 498 U.S. at 96.

In this circuit, when a plaintiff asserts that Baldwin County or Irwin-like factors excuse her tardy filing and justify tolling the statute of limitations, we generally apply a five-factor analysis and consider the following: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement."  Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005)(citation and internal quotation marks omitted).  Additionally, although absence of prejudice is considered, it is not "an independent basis" for tolling.  Baldwin County, 466 U.S. at 152.  Though this framework provides guidance, it is not exhaustive; rather, we adhere to the notion that "it is in the nature of equity to entertain case-specific factors that may counsel in favor of tolling."  Kale v.

Combined Ins. Co. of America, 861 F.2d 746, 753 n.9 (1st Cir. 1988).

Farris concedes that she failed to timely file a formal complaint with the EEOC. Nonetheless, it is her contention that the district court erred when it refused to toll the fifteen-day limitations period to save her belated filing. We disagree.

First, we must address Farris's misplaced reliance on Perry v. Wolaver, 506 F.3d 48 (1st Cir. 2007) and the "excusable neglect rubric" discussed therein. Id. at 56 n.10. In Perry, a civil case not involving administrative remedies, we excused the defendants' late response to a motion for summary judgment because the defendants (1) had not missed any previous deadlines, (2) had responded promptly when they were made aware of their error, (3) had not shown any bad faith or intent to delay, and (4) had shown that late filing would not cause prejudice to the plaintiff. Id. According to Farris, application of these factors to her case illustrates "that the District Court's mechanical application of the 15-day time limit here unfairly [] prejudiced [her] and was legal error." Farris's argument misses the mark. As the district court properly observed, "[t]he Perry standards for evaluating excusable neglect in a civil case pending before the Court are not consistent with the Baldwin County standards for evaluating whether a Title VII claimant has satisfied her burden of proving a claim of equitable [tolling due to] her failure to meet administrative

-12-

deadlines." We agree and find Farris's reliance on Perry, in the face of the well-known Baldwin County and Irwin framework, puzzling. With that settled, the analysis of this case under the applicable framework is straightforward.

As the district court properly stated, none of the circumstances set out in Baldwin County that could provide an independent basis for tolling are present in Farris's case. To the contrary, Farris and her attorney both received adequate notice of the fifteen-day limitation period; no motion for appointment of counsel was pending; the court did not lead Farris to believe she had done everything required; and no affirmative misconduct by the VA had lulled Farris into inaction. Similarly, the facts here fail to fit within the Irwin framework: Farris did not file a defective pleading during the fifteen-day time frame. Lastly, under this court's five-factor analysis, Farris had both actual and constructive notice, and she was not reasonably ignorant. Refusing to throw in the towel, Farris persists with the following arguments: (1) "the filing of a formal complaint with the OSC, which defers to the EEOC, placed the VA on notice of her claim," (2) "the mistake was her lawyer's," (3) "dismissal with prejudice is an extreme sanction," and (4) the "holiday rush" justified her late filing.[6]

---

[6]Farris presents seven different arguments, but because three of them are based on her reliance on Perry, we will not discuss them. Those arguments are as follows: (1) she was diligent in her pursuit of multiple avenues of relief and had complied with all

-13-

It is axiomatic that "equitable tolling do[es] not extend to what is at best a garden variety claim of excusable neglect," Irwin, 498 U.S. at 96, yet that is exactly what Farris proffers. First, Farris's argument that the VA was put on notice of her claim because she had filed a formal complaint with the OSC is completely unpersuasive. We firmly agree with the district court that Farris's "pursuit of other remedies with other agencies does not justify her failure to comply with EEOC procedure." Second, although Attorney Mills was ultimately responsible for making sure the formal complaint was timely filed, "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent." Id. at 92 (internal quotation marks omitted); see also Kelley v. Nat'l Labor Relations Bd., 79 F.3d 1238, 1249 (1st Cir. 1996)(stating that "courts generally impute constructive knowledge of filing and service requirements to plaintiffs who . . . consult with an attorney")). Third, under the doctrine of administrative exhaustion, dismissal with prejudice can be the appropriate consequence for failure to comply with the applicable administrative time frame. See Cano, 755 F.2d at 223 ("Since we hold that tolling is not justified in this instance, Cano's failure to file her charge of discrimination within the required time period bars relief in the district court.").

_____

other deadlines, (2) she had complied with the standards set forth in Perry, and (3) the VA was not prejudiced due to the belated filing.

-14-

Finally, the contention that the belated filing was justified because the fifteen-day time period fell during the holidays is, to say the least, highly unconvincing. As the district court stated, "[t]he holiday period between Christmas and New Year's Day is a readily anticipated annual affair and legal deadlines invariably continue to fall due." We agree. Consequently, Farris has failed to satisfy her burden of showing "exceptional circumstances" that would warrant tolling.

## III.  CONCLUSION

For the reasons set forth above, the district court did not abuse its discretion by refusing to equitably toll the fifteen-day filing deadline in order to save Farris's tardy EEOC filing. Because Farris concedes that her complaint was filed late and time-barred absent tolling, the district court's grant of summary judgment for the VA was proper. We affirm.