Eileen. DOMENECH-RODRIGUEZ,
Plaintiff,

v.

**BANCO POPULAR DE PUERTO RICO, Defendant.**

### Civil No. 14-CV-01769 (JAF)

United States District Court,
D. Puerto Rico.

Signed December 18, 2015

Maria T. Juan-Urrutia, Escanellas & Juan, San Juan, PR, for Plaintiff.

Enrique R. Padro, Nicole Marie Rodriguez-Ugarte, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Defendant.

## OPINION AND ORDER

JOSE ANTONIO FUSTE, UNITED STATES DISTRICT JUDGE

On October 16, 2014, plaintiff Eileen Domenech-Rodríguez ("Domenech") commenced this action against defendant Banco Popular de Puerto Rico ("Banco Popular"), by filing a complaint alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and several Puerto Rico laws. (ECF No. 1.) Banco

Popular answered the complaint, denying its claims. (ECF No. 7.) Following discovery, Banco Popular moved the court for summary judgment on several grounds, including Domenech's alleged failure to file a timely charge with the EEOC. (ECF No. 11.) Domenech responded in opposition to the motion. (ECF No. 20.) With prior leave of the court, Banco Popular then replied to the opposition. (ECF No. 28.) The court now grants the motion because Domenech's EEOC charge was untimely.

As an initial matter, the court finds that we have original jurisdiction of the Title VII claims under 28 U.S.C. § 1331. Accordingly, the court has supplemental jurisdiction of the related state-law claims under 28 U.S.C. § 1367(a).

■■■ Domenech's Title VII claims are subject to the procedural requirements of that law. *Rivera–Díaz* v. *Humana Ins. of P.R., Inc.*, 748 F.3d 387, 389 (1st Cir.2014) (citing 42 U.S.C. §§ 2000e–5 to -9). Under those requirements, "a would-be plaintiff must first exhaust his administrative remedies." *Id.* "This task embodies 'two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency.'" *Id.* at 389–90 (quoting *Jorge* v. *Rumsfeld*, 404 F.3d 556, 564 (1st Cir.2005)). "The first component contemplates the filing of an adminis-

trative charge within either 180 or 300 days of the offending conduct, depending on the particular jurisdiction in which the charged conduct occurs." *Id.* at 390 (citing *Bonilla* v. *Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 & n. 4 (1st Cir.1999)). "With respect to most charges of discrimination, Puerto Rico is a . . . jurisdiction in which the longer filing period applies." *Id.* (citing *Bonilla*, 194 F.3d at 278 n. 4). "An unexcused failure to meet this deadline forecloses recourse to the courts." *Id.* (citing *Jorge*, 404 F.3d at 564).

The parties agree that the final act of either discrimination or retaliation, for which Domenech seeks to hold Banco Popular liable, occurred on June 20, 2013, when Banco Popular cancelled Domenech's contract to work with them. (ECF Nos. 1 ¶ 20; 11-1 at 2, 13; 11-2 ¶ 99; 20-1 ¶ 99.) Moreover, the parties agree that Domenech stopped working with Banco Popular as of June 30, 2013.[1] (ECF Nos. 11-2 ¶ 99; 20-1 ¶ 99.) The parties further agree that Domenech filed the underlying EEOC charge, challenging the acts she had allegedly suffered while working with Banco Popular, on May 5, 2014. (ECF Nos. 11-2 ¶ 103; 20-1 ¶ 103.) Unfortunately for Domenech, more than 300 days had elapsed since the last alleged act of discrimination or retaliation had occurred, thereby making the EEOC charge untimely.[2] *See* 42

1. The parties contest whether Banco Popular can be held liable under Title VII for the acts alleged in the complaint because, formally, Domenech was an employee of NW Management Group, and she had worked with Banco Popular pursuant to a services contract between the two corporations. (ECF Nos. 11-1 at 3-12; 20 at 3-7.) The court does not reach this dispute because Domenech has been foreclosed from bringing her claims before this forum. *See Rivera–Díaz*, 748 F.3d at 390.

2. On the EEOC form that Domenech used to file the administrative charge, she wrote that the acts of discrimination and retaliation she

was challenging occurred in November 2013. (ECF No. 11-8 at 2.) That notation appears to have been in error. In the sworn statement that Domenech attached to the EEOC form, setting forth her narrative of the challenged acts, the final act that she alleged was Banco Popular's cancellation of her contract "on June 20, 2013." (*See* ECF No. 27-6 at 4.) Although Domenech did not provide the EEOC with a date on which any of the other acts had occurred, her complaint is clear that those acts all predated the cancellation of her contract. (*See* ECF No. 27-6 at 2-5.) Again, even if we were to count from her last day at Banco Popular on June 30, 2013, more than

U.S.C. § 2000e–5(e)(1) (providing the 300-day deadline for filing an administrative charge); *see also Rivera–Díaz*, 748 F.3d at 390. If unexcused, Domenech's "failure to meet this deadline forecloses [her] recourse to the courts." *Id.* (citing *Jorge*, 404 F.3d at 564).

Domenech argues that her failure to meet the deadline should be excused because after she had stopped working with Banco Popular, she complained to the bank about the circumstances behind the cancellation of her contract, which led to two meetings with a Division Manager at the bank, the second of which allegedly occurred on September 27, 2013. (ECF No. 20 at 9.) Domenech claims that, at these meetings, she spoke with the bank manager about the alleged discrimination she had suffered and the retaliatory basis of the cancellation of her contract, which prompted the manager to promise to "look into it" and to "refer" work to her once the "waters had settled." (ECF No. 20 at 9-10.) Domenech further claims that the bank manager did not keep his promises, even though they had momentarily persuaded her "not to do anything about her [EEOC] claim." (ECF No. 20 at 10.) Based on these claims, Domenech argues that "the last event that triggers the commencement of the 300 days for filing a discrimination charge at the administrative level would be September 27, 2013." (ECF No. 20 at 10.) The court finds the argument unavailing.

▮ "The Supreme Court has said that the timeliness requirement under 42 U.S.C. § 2000e–5(e)(1) is 'mandatory,' and failure to file within the time period means a potential plaintiff 'lose[s] the ability to recover for [the alleged discrimination].'" *Frederique–Alexandre* v. *Dep't of Nat. & Envtl. Res.*, 478 F.3d 433, 437 (1st Cir.

2007) (alterations in original) (quoting *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). At the same time, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Vázquez–Rivera* v. *Figueroa*, 759 F.3d 44, 49 (1st Cir.2014) (quoting *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Here, Domenech's argument for why her late filing should be excused invokes, at best, the doctrines of equitable estoppel and equitable tolling.

▮ "Equitable estoppel 'applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit.'" *Ortega Candelaria* v. *Orthobiologics LLC*, 661 F.3d 675, 679 (1st Cir.2011) (quoting *Ramirez–Carlo* v. *United States*, 496 F.3d 41 (1st Cir.2007)). "In order to demonstrate entitlement to equitable estoppel, a plaintiff must show evidence of the defendant's 'improper purpose or his constructive knowledge of the deceptive nature of his conduct ... in the form of some definite, unequivocal behavior ... fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security.'" *Id.* (alterations in original) (quoting *Vera* v. *McHugh*, 622 F.3d 17, 30 (1st Cir.2010)). "Only in 'exceptional circumstances' will these equitable principles extend the [filing deadline]." *Farris* v. *Shinseki*, 660 F.3d 557, 563 (1st Cir.2011) (quoting *Vistamar, Inc.* v. *Fagundo–Fagundo*, 430 F.3d 66, 71 (1st Cir.2005)). "Furthermore, the heavy burden to prove

300 days had elapsed between then and Domenech's filing of the EEOC charge on May 5, 2014.

entitlement to equitable relief lies with the complainant." *Id.* (citing *Rivera–Gomez v. de Castro*, 900 F.2d 1, 3 (1st Cir.1990)).

 Domenech's equitable-estoppel argument fails because there is no evidence of unequivocal, intentionally deceptive conduct on the part of Banco Popular. In support of her argument, Domenech simply points to two promises that a bank manager allegedly gave her—to "look into" her discrimination and retaliation claims, and to "refer other types of [work]" to her. (ECF No. 20 at 9-10.) Domenech implies that the bank manager made the latter promise "in order for [her] not to do anything about her claim[s]." (ECF No. 20 at 10.) But she "provides no evidence" of this alleged improper purpose "beyond [her] own say-so and therefore [the court will] ignore that implication." *See Ortega Candelaria*, 661 F.3d at 679 n. 6 (citing *Vinick v. Comm'r of Internal Revenue*, 110 F.3d 168, 171 (1st Cir.1997)). And, she does not state that the bank manager had proposed to her an explicit quid pro quo; instead, she just claims that the manager's promises caused her to not do anything for a while. (*See* ECF No. 20 at 10.) Moreover, a November 2013 letter from Domenech to the bank manager suggests that the bank's failure to refer new work to her was due to the fact that the bank just "did not have cases to refer" because "the volume of accounts [had] decreased." (ECF No. 26-6 at 2.) Domenech neither contests this suggestion from her own letter, nor makes a creditable allegation to the contrary. Accordingly, she has not proven her entitlement to equitable estoppel. *See Ortega Candelaria*, 661 F.3d at 679.

 "Equitable tolling 'casts a wider net' than equitable estoppel." *Id.* (quoting *Kale v. Combined Inc. Co. of Am.*, 861 F.2d 746, 752 [1st Cir.1988]). Still, in Title VII cases, "the baseline rule [remains] that time limitations are important

... and that federal courts therefore should employ equitable tolling sparingly." *Mercado v. Ritz–Carlton San Juan Hotel*, 410 F.3d 41, 46 (1st Cir.2005) (quoting *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir.1999)). "[O]nly particularly extraordinary circumstances beyond the plaintiff's control can justify ignoring an otherwise clear time limitation." *Aresty Int'l Law Firm, P.C. v. Citibank, N.A.*, 677 F.3d 54, 58 (1st Cir.2012) (citing *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). For example, the "tolling proponent must establish that ... [s]he was materially misled into missing the deadline." *Id.* (quoting *Ortega Candelaria*, 661 F.3d at 680). "However, a plaintiff generally cannot avail herself of the doctrine if she is responsible for the procedural flaw that prompted dismissal of her claim; in other words, equitable tolling will not 'rescue a plaintiff from his or her lack of diligence.'" *Farris*, 660 F.3d at 563 (quoting *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir.2009)).

 Courts have recognized only a few circumstances in which equitable tolling may be warranted, and only one applies here – when "affirmative misconduct on the part of a defendant [has] lulled the plaintiff into inaction." *Id.* (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (recounting the circumstances courts have recognized)). "[O]ur approach to equitable tolling is narrower [than most courts]; First Circuit law permits equitable tolling only where the employer has actively misled the employee." *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 53 (1st Cir. 1999) (citing *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) (noting that the First Circuit's 'narrow view' of equitable tolling reaches only 'ac-

tive deception')).[3] And, the active misleading usually must be about the discriminatory or retaliatory basis of an employment practice. *Id.*; *see also Mercado*, 410 F.3d at 47 ("equitable modification is appropriate only where the employer actively misled the employee concerning the reasons for the discharge") (quoting *Earnhardt v. Puerto Rico,* 691 F.2d 69, 71 (1st Cir. 1982)). By contrast, Domenech alleges that she knew about the discriminatory and retaliatory sources of the actions she attributes to Banco Popular, and that the bank misled her only about whether her claims of discrimination and retaliation would be looked into and whether new work would be referred to her. (ECF No. 20 at 9-10.) Those allegations do not warrant equitable tolling.

Even if this court assumed that false promises of future work could warrant the equitable tolling of the promisee's claims, Domenech's tolling request would still fail. After all, as noted above, she has not shown that the bank manager's promises were actively misleading or deceptive. Moreover, she has not shown that those promises were a material cause of her missing the EEOC's filing deadline. *See Aresty Int'l Law Firm*, 677 F.3d at 58 (quoting *Ortega Candelaria*, 661 F.3d at 680). The promises were allegedly made to her, at the latest, on September 27, 2013. (*See* ECF No 20 at 9-10.) The next and final contact with Banco Popular that Domenech mentions was a November 6, 2013, meeting, which she found "fruitless and a sham." (ECF No. 20 at 10.) If Domenech walked away from that meeting disappointed that the bank manager's promises had gone unfulfilled, it neither explains, nor excuses, why she then took another six

months to file her EEOC administrative charge, by which time the charge was late. Instead of having been the victim of active deception by the bank (which, again, the record fails to support), Domenech appears to have been the victim of her own lack of diligence, which is especially inexcusable here because her current attorney was already representing her at the time she filed the late EEOC charge. (*See* ECF No. 11-8 at 2). *See Farris*, 660 F.3d at 563 ("equitable tolling will not 'rescue a plaintiff from his or her lack of diligence' ") (quoting *Abraham*, 553 F.3d at 119).

In sum, Domenech filed her EEOC charge more than 300 days after the last discriminatory or retaliatory act, for which she seeks to hold Banco Popular liable, had occurred. Thus, the filing missed the deadline in 42 U.S.C. § 2000e-5(e)(1). Moreover, Domenech has failed to show that her case is one of the "exceptional" cases that merits equitable relief from a late filing. *See Farris*, 660 F.3d at 563 (quoting *Vistamar*, 430 F.3d at 71). This is true even though the court has "assess[ed] the record in the light most favorable to [Domenech] and resolv[ed] all reasonable inferences in [her] favor." *See Ameen* v. *Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir.2015) (quoting *Barclays Bank PLC* v. *Poynter*, 710 F.3d 16, 19 [1st Cir.2013]). Accordingly, this "unexcused failure to meet th[e] deadline forecloses [Domenech's] recourse to the courts." *See Rivera–Díaz*, 748 F.3d at 390 (citing *Jorge*, 404 F.3d at 564).

The court hereby **GRANTS** Banco Popular's motion for summary judgment as to the Title VII claims on the ground that the bank "is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Because

---

**3.** The court recognizes that First Circuit case law also provides for equitable tolling when "an employer's violation of the EEOC posting requirement" deprives a plaintiff of knowledge of the EEOC's complaint procedures. *Mercado*, 410 F.3d at 46. Neither party claims that that provision applies here.

those claims were the only ones over which the court had original jurisdiction, the court declines, under 28 U.S.C. § 1367(c)(3), to continue to exercise supplemental jurisdiction over the state-law claims in the complaint. *See Fernandez–Salicrup* v. *Figueroa–Sancha*, 790 F.3d 312, 328 (1st Cir.2015).

Judgment will enter dismissing the federal-law causes of action with prejudice and the state-law causes of action without prejudice.

**IT IS SO ORDERED.**