# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-2624

———————————————

Rachel E. McDonald

*Plaintiff - Appellant*

v.

St. Louis University

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 11, 2024
Filed: July 30, 2024

——————————

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

Rachel McDonald appeals from the district court's[1] adverse grant of summary judgment on her Title VII claims against St. Louis University. Because we agree

———————————

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

with the district court that her complaint was untimely and equitable tolling does not apply, we affirm.

I.

After she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, McDonald requested a right-to-sue letter on April 27, 2022. What happened next is undisputed:

May 10. The EEOC sent an email to McDonald's lawyer saying that "a new document was added to" her case file with a link to sign in to the EEOC Public Portal. The link led to the right-to-sue letter, which gave the EEOC's final decision and said that McDonald's claims must be filed "**<u>WITHIN 90 DAYS</u> of [her] receipt of this notice**." McDonald's lawyer read the email, but because he lost the password to the Public Portal, he didn't read the right-to-sue letter.

May 18. The EEOC sent another email, this time a "REMINDER" about an "Important Document Available" in the Public Portal. The EEOC further explained that it "ha[d] made a decision regarding" McDonald's charge. Still without a password, McDonald's lawyer did not access the Public Portal.

June 21. McDonald's lawyer emailed the EEOC again asking for a right-to-sue letter.

June 28. The EEOC emailed the May 10 right-to-sue letter to McDonald's lawyer as an attachment.

September 23. 137 days after May 10 and 87 days after June 28, McDonald filed her complaint.

The district court found that McDonald's claims were filed more than 90 days after she received her right-to-sue letter and that equitable tolling did not apply. She challenges both conclusions on appeal, arguing that because her lawyer lost the password to access the EEOC's Public Portal, her complaint was timely and that even if it wasn't, we should equitably toll the 90-day deadline.

## II.

We review the grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party, and may affirm on any basis supported by the record. *Grant v. City of Blytheville*, 841 F.3d 767, 770 (8th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A.

An employee must file suit under Title VII within 90 days of the EEOC's "giving . . . notice" of her right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). The clock starts ticking "on the day the right to sue letter *is received*." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989) (emphasis added). In this "brave new world of electronic communications," *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 291 (E.D. Pa. 2022), the EEOC may give—and the employee may receive—a right-to-sue letter through email, *see* 29 C.F.R. §§ 1601.28(a)(1), 1601.3(b). And the employee may receive notice through her lawyer. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 93 (1990).

In our view, McDonald received notice of her right to sue on May 10 when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal. And while we are not aware of a controlling case directly on point, our holding is not without support. Take *Lax v. Mayorkas*, where our sister circuit held that the employee's "[90]-day filing window started on the day he received" an email

-3-

from the EEOC with his right-to-sue letter attached. 20 F.4th 1178, 1181–82 (7th Cir. 2021). It did not matter "that he did not read or open the attachment" because his "mere receipt of the email commence[d] the filing window." *Id.* at 1182. Likewise in *Paniconi*, it was "irrelevant when Plaintiff's counsel actually followed the link to access the EEOC portal." 604 F. Supp. 3d at 293. When "counsel received an email from the EEOC" telling them to "check their EEOC portal," the "[90]-day period began to run." *Id.* at 292–93 (cleaned up).

McDonald counters that neither the May 10 nor the May 18 email gave "actual and effective notification of [her] right to sue," *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, 1310 (8th Cir. 1975), especially where both emails referred only to an unspecified "decision" or a "new" and "important" document. But *Tuft* analyzed whether the right-to-sue letter itself "fail[ed] to give actual and effective notice." *Evans v. McCluskey*, 567 F.2d 755, 757 (8th Cir. 1977) (per curiam) (distinguishing *Tuft* where the "EEOC's letter adequately informed [employee] of her right to sue"); *see also* 29 C.F.R. § 1601.28(e)(1)–(4) (listing what a "notice of right to sue shall include"). And McDonald's May 10 right-to-sue letter was adequate.

That her lawyer never read the right-to-sue letter until the EEOC emailed it as an attachment on June 28 "does not save her claims from being time-barred." *Williams v. Thomson Corp.*, 383 F.3d 789, 790–91 (8th Cir. 2004) (per curiam); *see also Irwin*, 498 U.S. at 91 (holding that the filing window began when the letter "arrived at [Irwin's] attorney's office" even though the "attorney did not learn of the EEOC's action until h[e] return[ed]" from "out of the country"). We understand that her lawyer was "unable—rather than simply unwilling—to read the notice on the day he received it," but "this distinction does not warrant a different result" and instead speaks to whether we should equitably toll the deadline. *Cf. Lax*, 20 F.4th at 1182–83. Because McDonald filed suit more than 90 days after May 10, her Title VII claims are time-barred.

-4-

B.

Even if she filed too late, McDonald argues that equitable tolling should save her case.  She says that after losing the password, her lawyer engaged in "months of unsuccessful efforts to obtain access to the EEOC portal" via "scores of emails" and other communications.  *See Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (explaining that "[e]quitable tolling is premised on the 'excusable neglect' of the filing party" and that it "preserves a claim after the filing period has expired" (citation omitted)).

We do not think the record shows that her lawyer did much to get the password.  Of the *three* emails lawyers at her firm sent to the EEOC after May 10, not one said that no one could access the Public Portal.  Nor did anyone follow up with the EEOC about its "decision" or seek access to the "new" and "important" document—despite the request for a right-to-sue letter shortly before receiving the May 10 and May 18 emails.  And more importantly, when the EEOC sent the right-to-sue letter as an email attachment on June 28—the day that McDonald says she "actually received" notice of her right to sue—she still had 41 days to timely file.  Her lawyer's lack of diligence "militate[s] mightily against any claim for equitable tolling."  *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 737 (8th Cir. 2018); *see also Hill*, 869 F.2d at 1124 (no equitable tolling where employee learned "that the right to sue letter had already been sent" while "she still had ample time to file her suit"); *Shempert*, 151 F.3d at 798 (8th Cir. 1998) (same where plaintiff "had the benefit of counsel" and never faced "circumstances out of [her] control").

III.

We affirm the district court's judgment.

_____

-5-