# United States Court of Appeals
## For the First Circuit

No. 23-1921

LEIKA JOANNA GARCÍA-GESUALDO,

Plaintiff, Appellant,

v.

HONEYWELL AEROSPACE OF PUERTO RICO, INC., and HONEYWELL
INTERNATIONAL, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Barron, Chief Judge,
Gelpí and Montecalvo, Circuit Judges.

Rafael A. Ortiz-Mendoza, with whom Ortiz Mendoza & Farinacci
Fernós, LLC, was on brief, for appellant.

Shiara Diloné Fernández, with whom Magda Mariela Rexach
Rexach and Schuster LLC were on brief, for appellees.

April 24, 2025

**MONTECALVO**, <u>Circuit Judge</u>. This appeal involves a procedural hurdle to suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u>, ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 <u>et seq.</u> (the "ADA"). After a claimant has exhausted administrative remedies before the United States Equal Employment Opportunity Commission ("EEOC") (itself a procedural requirement for suit), the EEOC must notify the claimant of the completion of its administrative processes, and upon receipt of that notice a claimant has ninety days to file suit. Failure to file suit within ninety days renders the suit untimely.

Appellant Leika Joanna García-Gesualdo initiated this employment discrimination case against appellees Honeywell Aerospace of Puerto Rico, Inc., and Honeywell International, Inc. (together, "Honeywell"), on July 7, 2022, 100 days after the EEOC <u>issued</u> a letter indicating that it had determined that it would "not proceed further with its investigation" into García-Gesualdo's employment discrimination claims against Honeywell. Honeywell filed a motion to dismiss García-Gesualdo's Title VII and ADA claims, arguing that those claims were time-barred because García-Gesualdo received notice of her right to sue over ninety days before she filed her complaint. Honeywell cited two emails the EEOC sent García-Gesualdo regarding her case, one sent on March 29 (100 days before García-Gesualdo filed suit)

- 2 -

and one sent April 6 (92 days before García-Gesualdo filed suit). The district court agreed with Honeywell that García-Gesualdo's complaint was time-barred and dismissed the case.

García-Gesualdo now argues that neither the March 29 nor the April 6 email provided notice of her right to sue and that, accordingly, the district court erred in finding her complaint untimely. For the reasons that follow, we agree and reverse the district court's dismissal of García-Gesualdo's Title VII and ADA claims.

## I. Background

Consideration of a motion to dismiss for failure to state a claim, such as Honeywell's, is generally limited to the facts stated on the face of the complaint. See SAS Int'l, Ltd. v. Gen. Star Indem. Co., 36 F.4th 23, 26 (1st Cir. 2022). Here, however, García-Gesualdo and Honeywell submitted various documents to the district court, and on appeal they do not dispute the authenticity of any relevant document filed before the district court. Indeed, both rely heavily on those documents. "Under certain 'narrow exceptions,' some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). These "include 'documents the authenticity of which are not disputed by the parties.'" Id. (quoting Watterson, 987 F.2d at 3). Thus, in

- 3 -

reaching our decision, we consider the allegations in García-Gesualdo's complaint as well as the various documents presented during motions practice.

## A. Facts

In 2021, García-Gesualdo filed a discrimination claim against Honeywell, her former employer, with the EEOC. The EEOC investigated the charge but, in 2022, decided to "not proceed further" with the investigation. Thereafter, on March 29, 2022, the EEOC closed García-Gesualdo's case and posted a document to the EEOC's online portal detailing its decision and explaining García-Gesualdo's rights (the "right-to-sue letter"). The right-to-sue letter provided that "[t]he EEOC [would] not proceed further with its investigation" and that the EEOC had "ma[de] no determination about whether further investigation would establish violations of the statute." The letter also explained:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document.

Finally, the letter noted that it was "[i]ssued [o]n" March 29, 2022.

Also on March 29, the EEOC emailed García-Gesualdo's attorney, Rafael Ortiz-Mendoza ("Ortiz"). The subject line of the

March 29 email read: "Document Added to [García-Gesualdo's] EEOC Charge." The body of the email provided: "A new document was added to [García-Gesualdo's EEOC case]. To view it, sign-in to the EEOC Public Portal." The email included a hyperlink to the EEOC's online portal.

On April 6 at 11:00 p.m., the EEOC sent Ortiz a second email, this time with the subject "REMINDER: Important Document Available for [García-Gesualdo's] EEOC Charge." That email provided: the "EEOC has made a decision regarding [García-Gesualdo's] charge . . . . It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal." The email also included a hyperlink to the EEOC's online portal.

At 9:12 a.m. the next morning, Ortiz emailed Carlos Gonzalez, the EEOC investigator on García-Gesualdo's case. He explained that even though he "was notified by email that a decision ha[d] been issued in the case," he had "accessed the EEOC's public portal several times since then to see the decision, but the system indicate[d] that there [wa]s an error every time [he] click[ed] on the case." After explaining the issue in more detail, he asked Gonzalez to send him a copy of the decision by email as he "urgently need[ed] to have access to the decision so that [he] [could] discuss it with [his] client."

About forty minutes later, Ortiz emailed the EEOC's Digital Support email address, explaining:

> I am the attorney of record for . . . García-Gesualdo. I received an email last night that a decision had been reached in . . . García-Gesualdo's case and instructing me to go to the public portal to review and download the decision. I have logged into the portal and clicked on the case link to see the docket several times this morning, but the following error m[e]ssage keeps popping up: "An error has occurred. It should be resolved soon. Please try again at a later time."
>
> Everything else in the portal works fine and I have had no issues logging in, so I am assuming the error is specific to this case.
>
> Please look into this matter ASAP. As of today, my client has 29 days to appeal the EEOC decision or 89 days to file suit, if authorized, so time is of the essence.

Later that afternoon, EEOC Digital Support responded that "[t]his is a known issue we have right now after our database update" and directed Ortiz to have García-Gesualdo create her own account on the EEOC portal as that would resolve the error.

Also on April 7, after hearing from Digital Support, Ortiz sent a follow-up email to Gonzalez explaining that he had followed Digital Support's instructions and was still unable to access the decision. On April 11, Gonzalez responded to Ortiz, attaching a PDF copy of the right-to-sue letter.

## B. Procedural History

García-Gesualdo initiated this lawsuit on July 7, 2022, which was 100 days after the March 29 email, 92 days after the April 6 email, and 87 days after the April 11 email. García-Gesualdo alleged that Honeywell had discriminated against her in violation of Title VII and the ADA.[1]  In her complaint, she averred that she had exhausted her administrative remedies before the EEOC and that she "received" notice of her right to sue on April 11, 2022.  García-Gesualdo attached the right-to-sue letter, dated March 29, to her complaint.

In response to García-Gesualdo's complaint, Honeywell filed a motion to dismiss.  Honeywell argued, among other things, that García-Gesualdo's Title VII and ADA claims were time-barred because the complaint was filed more than ninety days after March 29, when the EEOC issued the right-to-sue letter.  Honeywell attached an exhibit containing EEOC activity logs related to García-Gesualdo's case and pointed to the fact that the EEOC "[e]mailed [Ortiz] . . . that a new document [was] available to download" on March 29.  Thus, Honeywell contended that García-Gesualdo received notice from the EEOC on March 29, causing her July 7 complaint to be ten days overdue.

---

[1] García-Gesualdo also advanced claims under 42 U.S.C. § 1981 and Puerto Rico law.  These claims are not relevant to the current dispute.

García-Gesualdo, in response, emphasized that it was receipt, which she contended occurred April 11, and not issuance that began the running of the ninety-day clock. García-Gesualdo explained that "a problem with the EEOC's database . . . caused a delay between the EEOC's issuance . . . of the 'right-to-sue' notice via email on March 29, 2022, and the actual receipt of the notice itself on April 11, 2022."

To explain, García-Gesualdo pointed to several emails, which she attached as exhibits, that illustrated the problem. First, she attached the original email EEOC sent to Ortiz, García-Gesualdo's attorney, on March 29. Second, García-Gesualdo appended the April 6 email. She also attached the communications between Ortiz and the EEOC's Digital Support contact as well as Ortiz's emails to the EEOC investigator.

First, García-Gesualdo noted that the district court need not look beyond the allegations in her complaint because, in the complaint, she averred that she received the right-to-sue letter on April 11. Next, pointing to the various EEOC communications, García-Gesualdo argues that her complaint was well within the ninety-day period, contending that any emails from the EEOC could not be considered to have provided notice. She argues that those emails neither included the decision itself nor specified that the EEOC had issued a notice of dismissal or

- 8 -

termination of proceedings that triggered the ninety-day filing period.

Honeywell filed a reply, arguing that García-Gesualdo "ignored/discarded emails without regard to the consequences thereto[,] and, subsequently, wholly ignored the relevant dates when the correspondence was received." Honeywell also contended that García-Gesualdo's receipt of the March 29 email, which notified Ortiz that "a new document [was] available to download," provided notice and began the running of the ninety-day period, rendering her complaint untimely.

García-Gesualdo filed a sur-reply. She contended that the right-to-sue letter was inaccessible due to a technical problem with the agency's database until April 11 and that the emails the EEOC sent therefore did not effectuate notice. She also argued, in the alternative, that equitable tolling applied because of the circumstances of her case. García-Gesualdo highlighted in particular: (1) her inability to access the document online due to technical issues, (2) her prompt efforts to access the notice despite those technical issues, and (3) the right-to-sue letter's statement that receipt occurred upon viewing.

The district court granted Honeywell's motion and dismissed the claims with prejudice as untimely. The court first noted that García-Gesualdo's counsel "received [the March 29] email," indicating that a new document was added to

García-Gesualdo's EEOC case and that "[i]t seem[ed] that counsel did not . . . attempt to access the EEOC's Public Portal to review that document" on that date. The district court then noted that "the EEOC sent another email to counsel" on April 6 and that "counsel [then] attempted to access the EEOC's Public Portal for the first time." Without directly addressing which of the first two emails provided notice, the district court seemed to conclude that García-Gesualdo received notice on April 6 and went on to explain that equitable tolling did not apply. The court then granted the motion to dismiss as to the Title VII and ADA claims.

García-Gesualdo then filed a motion to amend the judgment, contending that there were facts in the record to suggest that she would not have been able to access the right-to-sue letter on or about March 29. Specifically, she pointed to the EEOC activity logs and argued that "[t]here is evidence in the record that shows that [her] counsel's email address was removed from the case in the Agency Records System" and that this removal "explain[ed] why neither García-Gesualdo nor her counsel were able to access the EEOC decision" via the online portal. She also argued that the district court had not applied the correct standard of review by failing to require Honeywell to support its affirmative defense of untimeliness. The district court denied the motion, concluding that García-Gesualdo had presented "no

reason to deviate from [the] previous ruling." García-Gesualdo timely appealed.

## II. Standard of Review

We review the district court's dismissal based on untimeliness de novo. See Pérez-Abreu v. Metropol Hato Rey LLC, 5 F.4th 89, 91 (1st Cir. 2021) (assessing timeliness under the Age Discrimination in Employment Act). "To assess whether a complaint can withstand a Rule 12(b)(6) motion, we must accept as true all well-pleaded facts indulging all reasonable inferences in [a]ppellant's favor." Wadsworth v. Nguyen, 129 F.4th 38, 61 (1st Cir. 2025) (cleaned up) (quoting Rae v. Woburn Pub. Schs., 113 F.4th 86, 98 (1st Cir. 2024)). As is relevant here, affirmative defenses -- such as untimeliness -- "may be raised in a motion to dismiss, provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (cleaned up) (quoting Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009)); see Martinez-Rivera v. Puerto Rico, 812 F.3d 69, 73 (1st Cir. 2016) ("As a general matter, statutes of limitations are affirmative defenses . . . .").

## III. Discussion

To initiate a civil case alleging employment discrimination in violation of either Title VII or the ADA, a plaintiff must first exhaust administrative remedies before the

EEOC. Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir. 2012) (citing 42 U.S.C. §§ 2000e-5 to -9; id. § 12117(a)). If the EEOC dismisses or terminates its administrative processing of the charge, the EEOC must inform the claimant. See id. (citing 42 U.S.C. § 2000e-5(f)(1)). Once a claimant receives that notice from the EEOC, the ninety-day period begins to run. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1)). Failure to file suit within the ninety-day period renders the complaint time-barred. Loubriel, 694 F.3d at 142. In this appeal, we consider what is required for a claimant to receive notice under Title VII and the ADA.

On appeal, García-Gesualdo argues that the district court erred in concluding that her complaint was untimely, arguing that neither the March 29 email nor the April 6 email provided her with notice of her right to sue.[2] For the reasons that follow, we

---

[2] In the alternative, García-Gesualdo argues that, even if she filed her complaint outside the ninety-day period, the district court abused its discretion in declining to apply equitable tolling. Given our conclusion as to her primary claim, we need not address this alternative argument.

García-Gesualdo mounts two other claims on appeal, which we need not address in detail. She argues that the district court "incorrectly placed the onus on [her] to prove her claims are not time-barred." But the district court properly placed the burden on García-Gesualdo to establish her entitlement to the doctrine of equitable tolling after determining that Honeywell had sustained its burden of demonstrating untimeliness. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009)

agree and conclude that the district court erred in determining that "the facts establishing [untimeliness] are clear on the face of the plaintiff's pleadings." Zenon, 924 F.3d at 616 (cleaned up) (quoting Santana-Castro, 579 F.3d at 114).

At the outset, we note that there is no dispute that the EEOC may issue right-to-sue letters via email. See 29 C.F.R. § 1601.3(b) ("For the purposes of this part, the terms file, serve, submit, receive, transmit, present, send, issue, and notify shall include all forms of digital transmission."). And García-Gesualdo does not contend that the emails in question never reached her or that her attorney could not receive notice on her behalf. See Loubriel, 694 F.3d at 143 ("[N]otice to the attorney is notice to the claimant."). Further, the parties do not dispute that the right-to-sue letter itself provided sufficient information to effectuate notice of the EEOC's decision and García-Gesualdo's rights. Thus, the only question before us is whether the March 29 email, indicating that a new document was available, or the April 6 email, indicating that an important document regarding a decision from the EEOC was available, provided sufficient information to

---

(explaining that burden is on party requesting equitable tolling to establish applicability).

García-Gesualdo also argues that the district court should have afforded "discovery to determine whether [her] Title VII and ADA [claims] were timely and/or the circumstances that impeded access to the EEOC's decision." Given our decision regarding notice, we need not consider this argument.

constitute notice of García-Gesualdo's right to sue. Finally, we note that because we agree with García-Gesualdo that the EEOC's first two emails did not provide notice, we need not address head on García-Gesualdo's arguments about when the ninety-day clock began to run.

Prior to the adoption of email, the question of when receipt of notice occurred was fairly uncomplicated as the EEOC would mail by post a copy of the right-to-sue letter. But, as we will explain, electronically provided right-to-sue letters present more complicated questions and, accordingly, there is a limit to the applicability of case law that likens traditionally mailed notices to situations where notices are emailed, especially where, like here, the right-to-sue letter is not attached to the email.

Honeywell points us to several cases to support its position, but none is availing. First, Honeywell directs our attention to several district court decisions holding that emails with links to right-to-sue letters are analogous to traditionally mailed letters. However, in the time since Honeywell filed its brief, the Eighth Circuit has weighed in on the issue, following the principle Honeywell espouses. For that reason, rather than addressing each of the district court cases Honeywell cites, we consider the Eighth Circuit's reasoning in McDonald v. St. Louis University, 109 F.4th 1068 (8th Cir. 2024). There, the court determined that the claimant "received notice of her right to

sue . . . when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal."  Id. at 1071.  The McDonald email was similar to the March 29 email in this case, merely indicating that "a new document" was available.  In concluding that the email provided notice, the McDonald court relied on Lax v. Mayorkas, 20 F.4th 1178, 1181-82 (7th Cir. 2021), a Seventh Circuit decision that held that the ninety-day period began the day an email with the subject "Final Action" and with the right-to-sue letter attached to the email was sent, regardless of when the attachment was opened.  McDonald, 109 F.4th at 1071. The McDonald court also relied on a district court decision reaching a similar conclusion.  See id. at 1071 (citing Paniconi v. Abington Hosp.-Jefferson Health, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022) (concluding that "ninety-day period began to run when the [EEOC] email notification [of an 'important document'] reached Plaintiff's attorney's inbox")).

But, unlike the McDonald court, we do not find Lax persuasive in this context.  To begin, Lax is factually distinct from this case: aside from that email including the right-to-sue letter as an attachment, the Lax email indicated that it included notice of "Final Action" while the emails here merely indicated the availability of a "new document" and, later, an "important document."  20 F.4th at 1180-81.  And, although we agree that viewing a right-to-sue letter is not required to initiate the

- 15 -

ninety-day period, we do not agree that Lax's principle extends to an email that merely notes the existence of a "new" document without attaching the new document to the email.

That is so because the notice that triggers the ninety-day period under Title VII or the ADA is not notice of any EEOC action -- it is notice that the EEOC has either "dismissed the charge or . . . failed to address the employee's grievance (by reaching a negotiated settlement or by commencing litigation on her behalf)." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); see 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . [or] entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."); 42 U.S.C. § 12117(a). And, "[a]s a general rule, only a written notice by the EEOC that indicates without ambiguity that its processes have been terminated will suffice to commence the running of the ninety-day period." Lex K. Larson et al., 4 Larson on Employment Discrimination § 74.04[8] (2d ed. 2019) (emphasis added). In sum, in order for an email that does not attach the right-to-sue letter itself to provide notice, it must "indicate[]

- 16 -

without ambiguity" that the EEOC has reached a final decision and that the claimant has ninety days to bring suit if they so wish. Id.

The same is true even where an email indicates, like the April 6 email here, that "the EEOC has reached a decision." (Emphasis added). As García-Gesualdo has pointed out, there are important, non-final EEOC decisions that would not trigger a ninety-day filing period, such as a decision to file suit on behalf of an aggrieved person, see 42 U.S.C. § 2000e-5(f)(1) ("[T]he Commission may bring a civil action . . . . The person or persons aggrieved shall have the right to intervene . . . ."), or to issue "a determination that reasonable cause exists to believe that an unlawful employment practice has occurred or is occurring," 29 C.F.R. § 1601.21(a); see Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 19 (1st Cir. 2014). Given the range of EEOC decision types, we do not view the April 6 email as providing García-Gesualdo any indication that the EEOC's processes had been terminated.

Thus, we reject Honeywell's invitation to adopt McDonald's extension of Lax as such an extension puts an unnecessary burden on claimants, essentially requiring them to immediately follow a link, log into the online portal, and download a document without having received any indication as to the nature or import of the newly available document.

- 17 -

Honeywell also argues that attorneys "should be well aware that there are short timelines to file claims" and that courts "regularly provide notice of their decisions and other actions through electronic means." Thus, says Honeywell, "[i]t is not asking too much of attorneys . . . to actually open the link to access said documents when provided notice." Although we agree that providing a link (as opposed to an attachment) via email could be sufficient to provide notice, as we have explained, the transmitting email must also provide information with respect to the link that would satisfy the notice requirement. In so concluding, we are cognizant that not all claimants possess legal representation. For that reason, we must temper the responsibilities placed on attorneys, due to their specialized knowledge, with those we place on laypeople. Accordingly, we hold that untimeliness was not apparent from the face of García-Gesualdo's pleadings or submitted documents.

## IV. Conclusion

For these reasons, we **reverse** the dismissal of García-Gesualdo's Title VII and ADA claims and **remand** for further proceedings consistent with this opinion.