# United States Court of Appeals
## For the First Circuit

No. 22-1933

GIOVANNI IRIZARRY SIERRA,

Plaintiff, Appellant,

v.

FRANK J. BISIGNANO, Commissioner of Social Security,

Defendant, Appellee.[*]

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Gelpí, Lipez, and Rikelman,
Circuit Judges.

Bamily López-Ortiz, with whom Lizabel M. Negrón-Vargas was on brief, for appellant.

Jeniffer Vélez Pérez, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, were on brief, for appellee.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner Frank J. Bisignano is automatically substituted for former Acting Commissioner Kilolo Kijakazi as Appellee.

October 27, 2025

**GELPÍ, Circuit Judge.** This case arises out of the Social Security Administration's (SSA or "Agency") alleged discriminatory termination of Plaintiff-Appellant Giovanni Irizarry Sierra ("Irizarry"). The Merit System Protection Board (MSPB) reviewed Irizarry's allegations of discrimination and issued a final decision in favor of the Agency. After the time for judicial review of the MSPB decision had elapsed, the SSA's Office of Civil Rights and Equal Opportunity (OCREO) sent Irizarry a Final Agency Decision (FAD) resolving the same allegations of discriminatory termination in favor of the Agency and indicating that he could seek judicial review. Based on that FAD, Irizarry commenced this action in federal district court. The SSA moved to dismiss, arguing it sent the FAD in error and that Irizarry's complaint was untimely because his appeal rights ended with the MSPB process. The district court granted the SSA's motion. Irizarry now challenges that ruling on appeal. For the reasons stated below, we **affirm**.

## I. BACKGROUND

We briefly rehearse the relevant facts of the case. Because this appeal follows the district court's grant of a motion to dismiss, "we draw those facts from [Irizarry's] complaint and other materials in the record that may be considered at the motion-to-dismiss stage." O'Brien v. United States, 56 F.4th 139, 141 (1st Cir. 2022); see Fed. R. Civ. P. 12(b)(6).

## A. Irizarry's Termination

Irizarry worked as an Attorney Advisor for the SSA Office of Hearing Operations in Ponce, Puerto Rico. The SSA terminated his employment in March 2019, citing his unsatisfactory performance. A few months after his termination, on July 15, 2019,[1] Irizarry filed a complaint with the SSA's OCREO, alleging that discriminatory and retaliatory conduct had led to his firing.

## B. Agency Proceedings

On August 27, 2019, the OCREO mailed Irizarry a Letter of Acceptance informing him that it reorganized his allegations into three claims. The OCREO explained that it would dismiss the first claim as untimely and would accept and bifurcate the remaining claims into a pre-termination discrimination claim and a termination discrimination claim. The termination claim, at issue here, was separated and assigned a new claim number because it was identified as a "mixed case" claim.

OCREO explained the difference between the claims. A regular Equal Employment Opportunity (EEO) claim adduces discrimination and proceeds through the Agency's EEO process with appeal rights to the U.S. Equal Employment Opportunity Commission (EEOC). A mixed case claim, by contrast, combines a discrimination

---

[1] The parties use two dates -- July 15, 2019, and July 25, 2019 -- when referencing the filing of the formal EEO complaint. The complaint is postmarked July 15, 2019.

allegation with an adverse personnel action -- such as termination -- that is appealable to the MSPB rather than the EEOC.

Following the Agency's acceptance of the claims, the OCREO issued a report of investigation ("ROI").[2] Upon receiving the ROI, Irizarry requested a hearing before an EEOC Administrative Judge ("AJ") as to both claims. On June 4, 2020, the EEOC AJ issued a decision. The AJ dismissed the termination claim for lack of jurisdiction, explaining that because it was a mixed case complaint, Irizarry had no right to a hearing before an EEOC AJ. Instead, he found that "mixed case processing should be followed" and remanded the termination claim for a FAD. As to the pre-termination claim, the AJ recommended that it be dismissed because Irizarry had elected to raise those matters through the Agency's negotiated grievance process, thus divesting the EEOC of jurisdiction. The AJ then ordered the Agency to issue a Final Order notifying Irizarry "whether . . . [it would] fully implement" the AJ's decision.

In response to the EEOC AJ's order, the SSA issued a Final Order ("Final Order") adopting the EEOC AJ's decision as to the pre-termination claim on June 17, 2020. This Final Order was identified by the pre-termination claim's unique case number.

---

[2] Irizarry pled that he received the ROI on December 12, 2019. The SSA counters that the ROI was mailed on November 25, 2019, and delivered to Irizarry's home on November 29, 2019.

Irizarry's termination claim remained pending before the Agency's OCREO.

Still, on July 20, 2020,[3] Irizarry sought review of the termination claim to the MSPB. Irizarry checked "Removal" as the personnel action he wished to appeal, but attached the Final Order, which did not address his termination claim, and instead addressed the pre-termination claim. Irizarry asserted jurisdiction by claiming that a "FAD [had been] issued on 6/18/20." The SSA submitted a Narrative Response on August 30, 2020, highlighting the discrepancy in Irizarry's documents to the MSPB. But the SSA acknowledged that, while no FAD had been issued for the termination claim, more than 120 days had passed since Irizarry filed his original EEOC complaint. Thus, the relevant statutes and regulations did grant the MSPB jurisdiction over Irizarry's termination claim at that time.

On October 30, 2020, the MSPB issued an initial decision for the SSA, sustaining Irizarry's removal. In the letter announcing its decision, the MSPB notified Irizarry that its "initial decision [would] become final on December 4, 2020." The notice emphasized that "[t]he date on which the initial decision becomes final also controls when you can file a petition for

---

[3] The MSPB's Initial Decision incorrectly states that appellant initiated his appeal on July 2, 2020. The MSPB Appeal Form was signed on July 20, 2020.

review" and emphasized the importance of filing a petition "within the proper time period."  In the "Notice of Appeal Rights" section, the MSPB's decision explained that Irizarry "may obtain judicial review of this decision . . . by filing a civil action with an appropriate U.S. district court . . . within **30 calendar days** <u>after this decision becomes final</u>."  Irizarry did not file a civil action in federal district court within those thirty days, or by January 4, 2021.

On February 9, 2021, the OCREO issued a FAD on Irizarry's termination claim ("February FAD").  The FAD included the Agency's typical "Notice of Rights" section explaining that, if Irizarry was dissatisfied with the decision, he could appeal to the MSPB or file a civil action within thirty days of receiving the FAD.

## C. District Court Proceedings

Irizarry filed a civil action with the U.S. District Court for the District of Puerto Rico against the SSA on March 11, 2021, contesting his removal from federal service and seeking, among other things, review of the MSPB's decision under 5 U.S.C. § 7703(b)(2).[4]  In his complaint, Irizarry claimed to have "exhausted all administrative remedies" before filing suit.

Before the SSA responded, on May 5, 2021, the OCREO rescinded the February FAD.  The OCREO explained that the February

---

[4] "Cases of discrimination subject to the provisions of section 7702 of this title . . . must be filed within 30 days after

FAD had been issued erroneously because it had not been notified of the MSPB appeal and corresponding decision until May 4, 2021. The letter then stated that the February FAD "should be disregarded, as the decision [was] not appropriate at [that] time."

After the OCREO rescinded the February FAD, the SSA moved to dismiss, asserting that all claims were time-barred. It also contended that Irizarry could not rely on the February FAD to seek judicial review because the SSA had issued it in error after Irizarry's time to appeal the MSPB's decision had expired. To support its motion, the SSA attached additional documents related to the administrative proceedings,[5] contending that the court

_____

the date the individual filing the case received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703(b)(2).

[5] The SSA sought to "supplement[] Irizarry's administrative timeline" by attaching the following documents from the EEO and MSPB processes:

(1) Irizarry's Formal EEO Complaint of Discrimination; (2) The EEO's Letter of Acceptance dated August 27, 2019, dismissing the performance evaluation claim and bifurcating the pre-termination claim and the mixed case complaint; (3) The Notice of Receipt of Hearing Request before the Commission dated December 30, 2019; (4) The Commission AJ's Order on the Agency's Motion to Dismiss, Order Entering Judgment and Notice to the Parties, dated June 4, 2020; (5) The SSA's Final Order adopting the Commission AJ's decision in full, dated June 17, 2020; (6) Irizarry's [A]ppeal to the [MSPB] dated July 20, 2020; (7) The [MSPB's] Initial Decision dated October 30, 2020; (8) The erroneously issued FAD dated February 9, 2021; and (9) The FAD Recission [sic] Letter dated May 5, 2021, rescinding the February 9, 2021 FAD.

should consider them because (1) Irizarry did not dispute the documents' authenticity; (2) the documents were part of an official public record; and (3) the documents were sufficiently referenced in the complaint.

Irizarry opposed the SSA's motion. He argued that documents attached to the SSA's motion were "extraneous to the complaint" and so the district court could not consider them without converting the motion to dismiss into a motion for summary judgment. In his sur-reply, Irizarry further asserted that, even if time-barred, equitable considerations save his termination claim. Specifically, he asserted that equitable tolling should apply because he made a "good faith error" in seeking review of his claim at the MSPB before the OCREO had issued a FAD. And that equitable estoppel should apply because he relied on the February FAD in believing that he timely filed his civil action in district court.

The district court agreed with the SSA and granted its motion to dismiss. As an initial matter, the district court determined that it could consider the documents attached to the SSA's motion because they were "relied upon or incorporated by reference in the Complaint, as well as contained in [Irizarry's] official record with the Agency." The district court then considered the timeliness of Irizarry's claims, finding that they were time-barred because he was properly notified of applicable

- 9 -

filing deadlines but failed to meet them. The district court rejected equitable tolling, reasoning that Irizarry "could not have been misled [] into foregoing his right to commence timely litigation following the MSPB's decision" because the erroneous February FAD was issued 36 days after the deadline to appeal the MSPB's decision.

Irizarry timely appealed the district court's decision.

## II. DISCUSSION

Irizarry advances several arguments on appeal. First, he contends that the district court improperly relied on documents extraneous to the complaint and, in so doing, converted the motion to dismiss into one for summary judgment without proper notice. Second, Irizarry argues that the MSPB lacked jurisdiction over the termination claim because, as far as we can glean, he prematurely sought review of the termination claim to the MSPB only because he mistook the OCREO's Final Order issued on June 17, 2020, to encompass the termination claim. He argues his intention to proceed through the Agency was controlling, and that his appeal rights are governed by the Agency's FAD. Third, Irizarry asserts that equitable tolling should be applied to extend the statutory deadline because he made a "good faith error" in filing prematurely with the MSPB. And lastly, he claims that equity estops consideration of the SSA's argument that the February FAD was issued in error because the Agency deliberately misled him into

believing that the Final Order was a FAD on his termination claim. We address each argument seriatim.

## A. Extraneous Documents

We begin with Irizarry's contention that the district court improperly relied on documents extraneous to the complaint in dismissing his case. Specifically, he challenges the documents the SSA submitted from the administrative record to support its argument that his claim is time-barred and thus should be dismissed.

Generally, if the district court considers "matters outside the pleadings" on a motion to dismiss under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But we "have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998)). Without these exceptions, the district court's inquiry into the feasibility of

a complaint would be "hamstrung" by allowing plaintiffs to "thwart the consideration of a critical document merely by omitting it from the complaint." Beddall, 137 F.3d at 17.

The documents the SSA submitted fit within this narrow exception. The exhaustion of administrative remedies is a prerequisite to filing an employment discrimination suit in federal district court. See García-Gesualdo v. Honeywell Aerospace of P.R., 135 F.4th 10, 16 (1st Cir. 2025). In his complaint, Irizarry asserts that he "exhausted all administrative remedies" before filing in the district court. To assess that claim, the district court needed to review the administrative record attached to the SSA's motion to dismiss. Because Irizarry does not dispute the authenticity of any of the documents submitted, and they are central to his claim, the district court could consider them without converting the motion to dismiss into a motion for summary judgment.[6]

**B. Dismissal for untimeliness**

We now evaluate the appropriateness of the district court's dismissal on limitations grounds. "We review the district court's dismissal based on untimeliness de novo." García-Gesualdo, 135 F.4th at 16. The district court's grant of

---

[6] Because we may affirm on any ground evident in the record, we need not consider the other independent reasons cited by the district court for considering the documents submitted by the SSA. See Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021).

a motion to dismiss "based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." Martin v. Somerset Cnty., 86 F.4th 938, 942 (1st Cir. 2023) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

A complainant must file a civil action in federal district court "[w]ithin 30 days of receipt of notice of the final decision or action taken by the MSPB if the individual does not file a petition for consideration with the EEOC." 29 C.F.R. § 1614.310(b). The MSPB issued its decision on Irizarry's termination claim on October 30, 2020. Irizarry was notified that the MSPB's decision would become final on December 4, 2020. At that point, Irizarry had thirty days, or until January 4, 2021, to file a civil action in federal district court. But Irizarry did not file the complaint until March 11, 2021. Because he did not file within the limitations period, his complaint is time barred.

Irizarry presses that his case should proceed because the MSPB lacked jurisdiction over his appeal. He maintains that he appealed to the MSPB only because he mistakenly believed that the Agency had issued a FAD with respect to the termination claim and that he never invoked the 120-day jurisdictional exception. According to him, his "intention" to proceed at the Agency is the "controlling factor." On that basis, he maintains the February

- 13 -

FAD -- not the MSPB decision -- governs his appeal rights. We disagree.

It is true that an employee pursuing a mixed case may begin the process either at the agency itself or by bringing the case directly to the MSPB, but not both. 5 U.S.C. § 7702; 29 C.F.R. § 1614.302(a), (b). And the initial choice typically governs the forum through which a plaintiff must exhaust his administrative remedies. Stoll v. Principi, 449 F.3d 263, 265-66 (1st Cir. 2006). For an employee who initiates a complaint at the agency level, that means he must typically wait for a FAD. And only when that FAD is issued, he can (1) appeal to the MSPB or (2) sue in district court. 29 C.F.R. 1614.302(d)(3); 29 C.F.R. 1614.310. But this scheme has an exception: a claimant who initially chooses to file a mixed case complaint at the agency may, after 120 days have passed without a judicially reviewable action by the agency, appeal the matter to the MSPB, regardless of his initial choice of forum ("120-day jurisdictional exception"). 5 U.S.C. § 7702(e)(2); 29 C.F.R. § 1614.302(d)(1)(i); 5 C.F.R. § 1201.154(b)(2). At this point, a claimant's initial election is not dispositive of where his claim may lie. The MSPB gains jurisdiction and must decide the claim. 5 U.S.C. § 7702(a)(1)(B).

This is so, even though it is generally true that "whichever [of the mixed case agency complaint or MSPB appeal] is filed first shall be considered an election to proceed in that

- 14 -

forum." See 29 C.F.R. § 1614.302(b); see also Martinez v. Shimseki, No. 10-cv-1304, 2012 WL 359382, at *4 (D.P.R. Feb. 2, 2012). Generally, "[t]here are no U-turns" and the complainant's first forum election controls. Punch v. Bridenstine, 945 F.3d 322, 329 (5th Cir. 2019). However, the regulations explicitly allow "a complainant [who] elects to proceed initially under" the Agency to appeal to the MSPB when 120 days have passed without judicially reviewable agency action. 29 C.F.R. § 1614.302(d)(1)(i). That is what happened here.

Irizarry contends that he did not intend to bypass the Agency by filing the MSPB appeal; he sought only to argue that the Agency's Final Order was defective and did not mean to appeal to the MSPB on the merits. (Irizarry does not explain why, if he was concerned only about the form of the order rather than its merits, he did not raise that issue directly with the Agency.) He further argues that his intent was legally relevant to whether the MSPB had jurisdiction over his termination claim, that he never "intended" to elect to proceed at the MSPB or to invoke its jurisdiction under the 120-day rule, and that the district court could not evaluate his intent at the motion to dismiss stage. Irizarry's position, however, is not consistent with the regulations or precedent, both of which provide that a complainant may elect a process by their actions of filing in a forum. See Stoll, 449 F.3d at 265-66. Further, Irizarry points to no legal

- 15 -

authority, and we are not aware of any, holding that a complainant's subjective intent is relevant to whether MSPB jurisdiction exists.

Here, Irizarry filed his original EEOC complaint in July 2019. He then sought review of his termination claim with the MSPB on July 20, 2020, well over the 120 days required for jurisdiction. See 5 U.S.C. § 7702(e)(2). Thus, the MSPB had jurisdiction to issue its decision on Irizarry's termination claim.

It is worth noting that the Agency's Narrative Response clearly stated three separate times that a FAD had not been issued as to the termination claim.[7] Although the Narrative Response was filed after Irizarry had already sought review at the MSPB, this document put him on notice that the alleged FAD could not be the basis of jurisdiction over his appeal to the MSPB. Yet Irizarry continued to press his claim before the MSPB and never contested that it had jurisdiction based on the 120-day exception. Based on these facts, we find that Irizarry cannot now imply that his choice

---

[7] In its Narrative Response, the SSA stated that: "it appear[ed] that Appellant ha[d] incorrectly appealed an agency Final Order related to a non-[MSPB]-appealable Equal Employment Opportunity [EEO] complainant." And twice later, it stated that while "the agency issued a Final Order, fully implementing the EEOC AJ's decision on [the pretermination claim] . . . [t]he agency is processing the matter and has not yet issued a FAD related to [the termination claim]."

of forum was taken away from him and that the MSPB lacked jurisdiction to issue its decision.

While Irizarry clings to the fact that his lawsuit was timely filed thirty days after the February FAD, the February FAD cannot render his time-barred claims timely. The regulations for mixed case complaints specify that "[a]n agency may dismiss a mixed case complaint for the reasons contained in, and under the conditions prescribed in, § 1614.107." 29 C.F.R § 1614.302(c)(1). In turn, 29 C.F.R. § 1614.107(a)(4) provides that the agency "shall dismiss an entire complaint . . . [w]here the complainant has raised the matter . . . in an appeal to the [MSPB]."[8]  Thus, the Agency should have dismissed Irizarry's complaint once he began the MSPB process and never issued the February FAD. See 29 C.F.R. § 1614.302(c)(1). In fact, the MSPB requires a complainant who files a mixed case appeal at the MSPB to certify that he or she gave notice to the Agency, which allows them to timely dismiss the complaint. The record is unclear about whether Irizarry provided

---

[8] The SSA also cites McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995), to suggest that "EEOC regulations provide for the cancellation of a mixed case complaint if such an appeal is timely filed" after 120 days have passed without a judicially reviewable action by the agency. The SSA explains that McAdams cites a regulation in place before the 1992 amendments (29 C.F.R. § 405(b)), and that the current regulations do not show any significant alteration that would change the outcome. We have not found 29 C.F.R. § 405(b) in its historic form to corroborate this claim. And we have not found another judicial opinion that refers to this regulation without cross-referencing McAdams.

the required notice.[9]  But, regardless, it is clear the FAD should have never gone out and that the Agency should have dismissed the claim.

The rule makes sense.  The regulations are designed to prevent simultaneous processing of discrimination claims before the MSPB and the agency.  See Stoll, 449 F.3d at 266 (quoting 29 C.F.R. § .107(a)) ("[EEOC]'s regulations highlight the mutually exclusive nature of the two fora.").  "'The CSRA's objective of creating an integrated scheme of review . . . would be seriously undermined' by 'parallel litigation regarding the same agency action.'"  Perry v. MSPB, 582 U.S. 420, 436 (2017) (quoting Elgin v. Dep't of Treasury, 567 U.S. 1, 14 (2012)) (cleaned up).

So, to sum up, a claimant who pursues an appeal with the MSPB after 120 days of agency inaction -- especially one who receives a decision on the merits from the MSPB -- forfeits the proceedings at the agency level and must pursue any subsequent appeal in district court within thirty days of the MSPB decision. That is what happened here: regardless of his subjective intent, Irizarry elected to appeal his termination claim to the MSPB.  The MSPB had jurisdiction, decided the claim, and notified Irizarry of

---

[9] The SSA argues it was not provided proper notice and suggests this was the reason they failed to dismiss the complaint and erroneously issued the FAD in the first place.  Irizarry does not assert that he gave notice and could not confirm notice was given at oral argument.

his right to sue in district court. Irizarry failed to sue within the required timeframe, rendering this action untimely.

## C. Equitable Considerations

Even if untimely, Irizarry insists that equitable tolling and equitable estoppel save his termination claim. We find his arguments unconvincing.

### 1. Equitable Tolling

We review a district court's ruling to grant or reject equitable tolling for abuse of discretion. Farris v. Shinseki, 660 F.3d 557, 562 (1st Cir. 2011). We see no reason to disturb the district court's finding that the doctrine did not apply.

As discussed previously, the governing statute provides that a party has thirty days from the MSPB's final decision to seek formal review. 5 U.S.C. § 7703(b)(2). That limitations period is subject to equitable tolling, which allows courts to extend filing deadlines in exceptional circumstances. Nunnally v. MacCausland, 996 F.2d 1, 4 (1st Cir. 1993). Equitable tolling is appropriate when a plaintiff shows that "circumstances beyond his or her control precluded a timely filing." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009) (citation omitted). It does not apply if the delay was the result of the plaintiff's own "lack of diligence." Id. (citing Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008)). That is, courts will not use it to "rescue a plaintiff" from missed deadlines caused by

- 19 -

neglect or mistake. See id. "If the court finds that the plaintiff knew, actually or constructively," of his rights, then, "there could be no equitable tolling." Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 753 (1st Cir. 1988).

Here, the record evinces that the MSPB informed Irizarry that its decision "w[ould] become final on **December 4, 2020**." The MSPB's decision also explained that "[t]he date on which the initial decision becomes final . . . controls when you can file a petition for review with one of the authorities discussed in the 'Notice of Appeal Rights' section." In that section, the MSPB properly notified Irizarry that he "may obtain judicial review of this decision . . . by filing a civil action with an appropriate U.S. district court . . . within **30 calendar days** after this decision becomes final." Given the clarity of the notice, we see no reason in the record to support that it was out of Irizarry's control to file a civil action with the district court within the required timeframe.

Irizarry insists that he made a "good faith error" in appealing to the MSPB prematurely. But he cites no authority from our circuit recognizing "good faith error" as a reason to equitably toll a statute of limitations. Instead, he cites a Seventh Circuit case that permits equitable tolling when the plaintiff mistakenly files in the wrong forum. See Threadgill v. Moore USA, Inc., 269 F.3d 848, 850 (7th Cir. 2001). But even if such a rule were

recognized in this Circuit, it would not toll the limitations period to revive an appeal in the intended forum after a litigant pursued his claim in the wrong forum, a final decision was rendered, and the time to appeal expired.

What is more, the record does not credit Irizarry's "good faith" mistake.  As the SSA points out:

> If . . . Irizarry . . . was under the mistaken belief that the SSA's June 17, 2020, final order was a FAD that concluded his EEO process, then he knew that failure to timely seek review of the [MSPB's] decision meant any pursuit of his termination claim would be over. If Irizarry was truly mistaken about the FAD having been issued, then he could have no expectation of ever receiving one, [sic] that would allow him to file suit.

We thus cannot conclude that the district court abused its discretion in denying tolling of the statute.

### 2. Equitable Estoppel

Irizarry invokes equitable estoppel in a last attempt to save his case.  As with equitable tolling, we review the district court's decision rejecting equitable estoppel for abuse of discretion.  See Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010).

Equitable estoppel "applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit."  Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 679 (1st Cir. 2011) (quoting Ramírez-Carlo v. United States, 496 F.3d 41, 48 (1st Cir. 2007)).  To demonstrate entitlement to equitable estoppel, a plaintiff must

- 21 -

show evidence of the defendant's "improper purpose or his constructive knowledge of the deceptive nature of his conduct . . . . in the form of some definite, unequivocal behavior . . . fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security." Vera, 622 F.3d at 30 (citation modified). Equitable estoppel is to be used sparingly against the government. See Nagle v. Acton-Boxborough Reg'l Sch. Dist., 576 F.3d 1, 3-4 (1st Cir. 2009).

We understand Irizarry to make two arguments. First, that the Agency exploited his mistaken filing -- allegedly caused by the Agency's concealment that the Final Decision was not a FAD -- to force a shift away from his original forum. Second, that the Agency's issuance of the February FAD amounted to an "affirmative misrepresentation," on which he "relied to file his . . . [c]omplaint." We are unpersuaded by both.

As to his first argument, Irizarry claims "it was impossible" not to "consider the Final Decision on the EEOC AJ's decision as a FAD." And that "the Agency . . . ignored the mistaken references to a FAD in the MSPB appeal" so that it could "accommodate its jurisdictional claim." But, as we have explained, the Agency was clear that the Final Order related only to the pre-termination claim and that the termination claim was remanded for a FAD. Then, throughout the MSPB appeal process, the Agency made clear that a FAD had not been issued as to the termination

claim and that the only basis for jurisdiction could be the 120-day jurisdictional exception. Thus, Irizarry did not "fil[e] prematurely" at the MSPB because of any Agency misrepresentation. Nor did the Agency "use[]" his mistake "to its advantage." His mistake resulted from his own confusion about the nature of the Final Decision.

Irizarry's second argument is similarly unconvincing. The February FAD cannot be the basis of an equitable estoppel claim because it was issued after the expiration of the thirty-day period where Irizarry could appeal the MSPB's decision. So we agree with the district court's reasoning that Irizarry could not have relied on the FAD when he forewent "his right to commence timely litigation following the MSPB's decision." Because we find that Irizarry did not rely on the February FAD when foregoing his appeal, we do not consider Irizarry's arguments that the Agency had the requisite improper purpose or knowledge of the allegedly deceptive nature of its conduct when it issued the February FAD.

### III. CONCLUSION

For the reasons explained, we **<u>affirm</u>** the district court's dismissal of Irizarry's termination claim.